**STATE of Tennessee, Appellee,**

v.

**Barry A. BURRIS, Appellant-Defendant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 3, 1980.

Sam P. Bradley, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. of Tenn., Charles L. Lewis, Asst. Atty. Gen. of Tenn., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

In this appeal, the defendant, Barry A. Burris, contends that the trial court erred in denying him the right to petition for a suspended sentence. We agree.

On June 6, 1979, the defendant entered pleas of guilty in the Shelby County Criminal Court to one offense of second degree burglary and to three offenses of an attempt to commit a felony. The defendant had two prior convictions involving violations of T.C.A. § 52–1432(a)(1)(B), and the trial court reasoned that because of these two prior drug convictions, the defendant was excluded from probation consideration by the provisions of T.C.A. § 40–2901.

T.C.A. § 40–2901 authorizes trial judges to suspend certain sentences where the period of confinement is for ten (10) years or less. However, in addition to other exclusions, defendants who are convicted of certain enumerated offenses are excluded from the benefits of this statute. The pertinent portion of this code section provides:

As used in this chapter, the word "defendant" means any person convicted of a misdemeanor or convicted of any felony, the maximum sentence for which has been fixed by a jury or by a judge as confinement in the state penitentiary for a period of ten (10) years or less, except in cases in which the defendant has been convicted of murder in the first degree, murder in the second degree, rape, unlawful carnal knowledge of a female under the age of twelve (12) years, robbery accomplished by the use of a deadly weapon, the second or subsequent violation of § 52–1432(a)(1)(A) or (B), and in all other cases for which the minimum sentence provided by law is ten (10) years or more; and except in those cases in which the defendant has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years' confinement in the state penitentiary.

In holding that the defendant's two prior drug convictions made him ineligible for probation consideration, the trial court interpreted the above code section to mean that a prior conviction of any of the enumerated excepted offenses would thereafter automatically bar a defendant from probation consideration on any subsequent offense. We take a contrary view and interpret the statute as addressing only the instant offense for which probation is sought, and not relating to any prior offense.

A careful study of the exclusions in this code section shows that trial judges are precluded from suspending a defendant's sentence imposed for a present conviction where that sentence falls into any one of the following categories:

(1) any sentence whose maximum term is greater than ten years;

(2) any sentence for first degree murder;

(3) any sentence for second degree murder;

(4) any sentence for rape;

(5) any sentence for unlawful carnal knowledge of a female under twelve years of age;

(6) any sentence for armed robbery;

(7) a second or subsequent sentence for drug offenses set out at § 52-1432(a)(1)(A) or (B);

(8) any sentence for an offense whose statutory minimum sentence is ten years or more;

(9) any sentences for two or more felonies for which the maximum statutory penalty exceeds ten years.

Thus, except for the enumerated exclusions, all other sentences are subject to suspension consideration, including this defendant's sentences because he received a sentence of not less than nor more than three years for his second degree burglary conviction, and not less than two years nor more than three years for each of his attempt to commit a felony convictions. Clearly, the statute does not exclude these sentences from suspension consideration.

Obviously, the intent of the legislature was to prevent suspension of sentences for defendants who had been convicted of certain serious crimes, including those defendants who traffic in drugs. However, it is noted that a first time conviction of T.C.A. § 52–1432(a)(1)(A) or (B) will not disqualify a defendant from probation consideration—except where a maximum sentence exceeding 10 years is imposed for a conviction under subsection (a)(1)(A)—but a "second or subsequent violation" of that statute will render a defendant ineligible for probation for that particular conviction.

To adopt a different interpretation of the statute would mean that a defendant who had ever committed two violations of T.C.A. § 52–1432(a)(1)(A) or (B) (or who had ever been convicted of any of the other excluded offenses) would be forever barred from receiving probation consideration regardless of any time lapse or how trivial or inconsequential the present offense might be. Clearly, the legislative intent was not to accomplish such a result.

We conclude that the defendant's sentences were subject to be considered for suspension under the provisions of T.C.A. § 40–2901.

We note that no bill of exceptions has been filed in this case. Thus, we make no comment on whether the defendant is a worthy candidate for probation. That is a matter for the trial judge to decide in his discretion.

We reverse the ruling of the trial court and remand this case for further proceedings not inconsistent with this opinion.

O'BRIEN and DAUGHTREY, JJ., concur.